## No. 11,077.

THE STATE EX REL. BRIDGET DUTHOO VS. JUDGE OF THE THIRD CITY COURT.

Under Act 96 of 1888, where a party has been cited to deliver up leased premises and he appears and pleads a general denial, and judgment is rendered against him, it is too-late to urge matters for the writ of prohibition that ought to have been pleaded in the court below.

APPLICATION for Certiorari and Prohibition.

*Thos. F. Maher* for Relatrix.

*James Wilkinson* contra.

The opinion of the court was delivered by

MCENERY, J. The relator prays for a writ of *prohibition* to arrest further proceedings in the suit of New Orleans, Fort Jackson & Grand Isle Railroad Company vs. Relator, on the ground that the city court is without jurisdiction *ratione materiæ*, as there was no relation of lessor or lessee between plaintiff and defendant in the suit, and that it was in fact a suit in which title to the premises was at issue.

The record shows that one Albert N. Robelot leased the premises to relator; that afterward the railroad company purchased the property from Robelot. The relatrix was in arrears for rent. She was cited in pursuance of Act 96 of 1888 to deliver possession of the premises to the railroad company. She appeared and filed a general denial. There was judgment in favor of the plaintiff, ordering the defendant to deliver possession of the premises to the railroad company.

After judgment was rendered the relator in the application to this. court for the writ of *prohibition* assigned several grounds for relief. They ought to have been pleaded in the court of the first instance,. and it is too late to urge them after judgment has been rendered, and the pleadings admit the regularity of the citation and the character of the suit.

The rule granted herein is discharged, and the relief prayed for denied.